# Exhibit A

6/17/15 @2 3⊘

| | SUM-100 |
|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JP Morgan Chase & Co., Chase (Bank Card) Services, A Division of JP Morgan Chase and Co.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Rob Ronzone

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| 400 McAllister Street<br>San Francisco, CA 94102 | CGC-15-545929 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William G. McDevitt (SBN 62065) tel 415 526-6300
1000 fourth st. suite 800  Fax 415 526-2525
San Rafael, Ca. 94901

DATE: June 11, 2015        Clerk, by  DENNIS TOYAMA , Deputy
*(Fecha)*        CLERK OF THE COURT *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* J.P Morgan Chase & Co. |
| | under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

**BY FAX**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LITCHFIELD LAW GROUP
WILLIAM G. McDEVITT, Esq. Bar No. 62065
1000 Fourth Street, Suite 800
San Rafael, CA 94901
Tel.: (415) 526-6300
Fax: (415) 526-2525

Attorneys for Plaintiff,
Rob Ronzone

Superior Court of California
County of San Francisco

ROB RONZONE

        Plaintiff,

VS.

J.P MORGAN CHASE & CO., CHASE BANKCARD SERVICES, A DIVISION OF J.P. MORGAN CHASE AND CO.
        Defendant.

CGC-15-545929

COMPLAINT FOR DAMAGES
Civil Code Section 1747.50

BY FAX

PLAINTIFF Rob P. Ronzone (hereinafter "PLAINTIFF") alleges:

1. PLAINTIFF is an individual and was a credit card holder with DEFENDANT JP Morgan Chase & Co., Chase Bankcard Services, a division of J.P. Morgan Chase & Co. (hereinafter "DEFENDANT")

2. DEFENDANT is a large financial institution. DEFENDANT is a "card issuer," as defined in Civil Code section 1747.02.

3. On or about December 17, 2014, PLAINTIFF gave DEFENDANT notice that on authorized charges in excess of $90,000 had been charged to his credit card in a two-hour period of time.

COMPLAINT FOR DAMAGES
1

The business making the unauthorized charges is located in the city and County of San Francisco. PLAINTIFF lives in the city and County of San Francisco. This action is brought under the Bank Card Act, Civil Code section 1747 et seq.

4. At all times herein mentioned, PLAINTIFF was the holder of a credit card described as follows and issued by DEFENDANT: Chase Bank Card, for the account ending in 9450, with a $30,000 credit limit.

5. On or about December 17, 2014, PLAINTIFF notified DEFENDANT that almost $90,000 in unauthorized charges were made to the Chase credit card. DEFENDANT informed PLAINTIFF that the business in question, was under investigation by the Police Department in the City and County of San Francisco, Detective Kennedy for engaging in the practice of making illegal and unauthorized charges.

6. On March 9, 2015, PLAINTIFF's attorney mailed DEFENDANT an inquiry concerning the billing error. A Copy of the inquiry is attached here to, marked as exhibit "A" and made a part here by reference.

7. DEFENDANT has never responded to EXHIBIT "A", nor has DEFENDANT made any effort to correct the billing error, knowing already that the business establishment that made the unauthorized charges was already under investigation by the City and County of San Francisco, for prior similar acts. DEFENDANT willfully failed to correct the error within the time allowed by law, and in fact has never corrected the billing error, despite the fact that one of the charges for $45,000 was itself over Plaintiff's credit limit of $30,000. In fact, approximately two hours, Defendant authorized $90,000 in credit card charges, three times Plaintiff's credit limit.

8. As a result of DEFENDANTs willful violation of the law, PLAINTIFF suffered, financial and emotional injuries, all to PLAINTIFF's actual damage in the sum of $500,000.

COMPLAINT FOR DAMAGES
2

9. As a result of DEFENDANTs willful violation of Civil Code section 1747.50, PLAINTIFF is entitled to have the actual damages trebled, pursuant to Civil Code section 1747.50.

WHEREFORE, PLAINTIFF prays judgment against DEFENDANT as follows:

1. Actual damages in the sum of $500,000;

2. Treble the actual damages, pursuant to Civil Code section 1747.50;

3. Attorney's fees pursuant to Civil Code section 1747.50;

4. Costs of suit incurred herein; and,

5. Such other and further relief as may be just and proper.

Dated: May 20, 2015

Respectfully Submitted,

William G. McDevitt, Esq.
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
3

Exhibit A



# Litchfield Law Group

Chase Bank Card Services
PO BOX 17280
Wilmington, DE 19885-7280

VIA CERTIFIED MAIL

Re:   Rob Ronzone- Account ending in 9450

Dear Chase Fraud Department:

We have been retained to represent Rob Ronzone against Chase Bank Card Services for fraud, conversion, breach of contract, RICO, Business and Professions Code 17200, for intentional violation of the Consumer Credit Card Protection Act (15 U.S C.A Section 1644,1643) and for further violation of 12 C.F. R Section 226.12.

Mr. Ronzone's credit card was used by the vendor and/or its employees to fraudulently charge $79,740.00, according to your own records. The amount of the charge ($23,500 and $45,000) and the time within which they were made put Chase on notice of redolent and unauthorized charges.

All of the fraudulent charges were incurred at the same establishment in less than a two hour period of time, including one for $45,000 and another for $23,500.

Mr. Ronzone and Chase contracted for a $30,000 limit of allowable charges in each billing cycle, not $80,000 for one night in a two-hour span.

Chase was and is aware that the San Francisco Police Department has been investigating this particular nightclub because of its scheme of requiring its customers to leave their credit card and driver's license in the possession of the club until the costumer leaves the premises. It is

Page 2
Ronzone-Chase
April 23, 2015

readily apparent that Mr. Ronzone's credit card was signed by a number of different employees of the Garden of Eden.

Chase's knowledge of the fraudulent practice at Garden of Eden is clear based on the call from Detective Kennedy of the San Francisco Police Department to Chase asking for Mr. Ronzone's contact information.

The Consumer Credit Protection Act proscribes fraudulent use of credit cards, including forged signatures, stolen cards, and lost cards. Chase was negligent for failing to decline the charges because the charges submitted amounted to in the middle of the night exceeded Mr. Ronzone's $30,000 credit limit, and was part of a corrupt scheme to make unauthorized charges on their customer credit cards. U.S. v. Draves (7th Cir) 103 F 3d 1328.)

Mr. Ronzoni notified and cooperated with Chase and Detective Kennedy. Chase represented on 3/9/2015 that it was investigating the unauthorized use, one of many under investigation by Detective Kennedy.

Chase also knew the signatures on the charges were not Mr. Ronzone's. Nonetheless, Chase continued to demand interest on the entire balance, knowing without a doubt that Mr. Ronzone could not have incurred $79,000 in two hours at one night club, and that he was entitled to the protection and enforcement of his $30,000 spending limit, in any event.

Mr. Ronzone demands that Chase immediately reverses the unauthorized credit card charges and refund the interest payments demanded and paid. He also demands copies of all investigation by Chase from 1/142015 to present, and particularly from March 9, 2015 to present.

Sincerely,

William G. McDevitt, Esq.

Chase Bank Card Services
P.O. Box 17280
Wilmington DE 19886-7280

**CHASE**

March 9, 2015

11460 AFL 001 004 06615 NNNNNNNNNNNN
ROB P RONZONE
46 MONTECITO RD
SAN RAFAEL CA 94901-2334

RE: Your account ending in 9450

Dear ROB P RONZONE:

Thank you for your patience while we reviewed your claim of unauthorized use on your credit card. On December 18, 2014, we were notified of transactions billed to your account that were potentially unauthorized. Please keep in mind that additional transactions may have been included in our review if they posted on your credit card after the initial notification. The section(s) below reflect the outcome of our investigation. We have concluded the following:

The following transaction(s) have been applied to your new account:

| Date of Transaction | $ Amount | Merchant Name or Transaction Description | Reason |
|---|---|---|---|
| 12/17/2014 | $23500.00 | GARDEN OF EDEN | You received benefit from this transaction. |
| 12/17/2014 | $40.00 | GARDEN OF EDEN | You received benefit from this transaction. |
| 12/17/2014 | $1650.00 | GARDEN OF EDEN | You notified us that this transaction is valid. |
| 12/17/2014 | $9550.00 | GARDEN OF EDEN | You received benefit from this transaction. |
| 12/17/2014 | $11500.00 | GARDEN OF EDEN | You received benefit from this transaction. |
| 12/17/2014 | $45000.00 | GARDEN OF EDEN | You received benefit from this transaction. |

## PROOF OF SERVICE
### RONZONE V. CHASE BANK

I, the undersigned, hereby certify that I am a citizen of the United States and a resident of the State of California. I am employed in Marin County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of 18 years, and not party to the within action. My business address is 1000 Fourth Street, Suite 800, San Rafael, CA 94901.

On **May 20, 2015** I served the attached document(s) described as

**COMPLAINT FOR DAMAGES**

on the following person(s):

```
CHASE BANK CARD SERVICES
PO BOX 17280
WILMINGTON, DE 19885-7280
```

____X____ (BY MAIL) In a box designated for collection of mail, following ordinary business practices, at my business address;
(a) I am familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service;
(b) That this correspondence will be deposited with the United States Postal Service on the above date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2015, in San Rafael, California.

Ashley M. Marshall

**NO SUMMONS ISSUED**

**ENDORSED FILED**
Superior Court of California
County of San Francisco
MAY 20 2015
CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William G. McDevitt, Esq. SBN62065<br>1000 Fourth St, Ste 800<br>San Rafael, CA 94901 (415)-459-2000 F: (415)-459-3668<br>TELEPHONE NO.:  FAX NO.:<br>ATTORNEY FOR (Name): Rob Ronzone | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Ronzone v. J.P. Morgan Chase & Co.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-15-545929<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✗] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 20, 2015
William G. McDevitt, Esq.
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# Exhibit B



| | | |
|---|---|---|
| **TO:** | Jennifer Rickey<br>JPMorgan Chase Bank, N.A.<br>4 Chase Metrotech<br>Brooklyn, NY 11245-0003 | |

# Service of Process Transmittal
06/17/2015
CT Log Number 527316965

| | | |
|---|---|---|
| **RE:** | Process Served in California | |
| **FOR:** | JPMorgan Chase & Co. (Cross Ref Name) (Domestic State: N/A)<br>JPMorgan Chase Bank, N.A. (True Name) | |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rob Ronzone, Pltf. vs. J.P. Morgan Chase & Co., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC15545929 |
| **NATURE OF ACTION:** | Plaintiff seeking remedy against the monetary damages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/17/2015 at 14:35 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | William G. McDevitt<br>Litchfield Law Group<br>1000 Fourth Street, Suite 800<br>San Rafael, CA 94901<br>415-526-6300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/18/2015, Expected Purge Date: 07/18/2015<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.