UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROB RONZONE,<br><br>    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., et al.,<br><br>    Defendants. | Case No. 15-cv-03293-CRB (JSC)<br><br>**ORDER RE: DEFENDANT'S MOTION TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 32 |

On February 2, 2016, the Court issued an Order resolving various discovery disputes. (Dkt. No. 29.) Defendant has filed a motion for leave to file a motion for reconsideration of a portion of the Court's Order regarding tape recordings or documents memorializing conversations with Plaintiff. (Dkt. No. 32.) The Order required Defendant to (1) identify the date, time, and parties to any such conversation, and (2) provide Plaintiff with a letter confirming that information in each of these recordings and documents will not be used for any purpose other than impeachment pursuant to Federal Rule of Civil Procedure 26(b)(3). Defendant contends that "new" evidence has come to light which suggests that Plaintiff is changing his story. Defendant thus requests that it be relieved from both portions of the Order; that is, that it neither produce a list of the recordings to Plaintiff in advance of his deposition nor be required to state that it will only use the recordings for purposes of impeachment. Defendant's motion is GRANTED IN PART and DENIED IN PART.

Defendant is not required to state in writing that it will only use the recordings for purposes of impeachment; however, Defendant must produce the recordings to Plaintiff in advance of his deposition. While the Court was willing to delay production of the recordings themselves until after Plaintiff's deposition based upon Defendant's representation that it would

only use the recordings for purpose of impeachment pursuant to Rule 23(b)(3), absent such a representation, the Court declines to delay the production. Defendant's contention that Plaintiff has now evidenced a willingness to change his story is not supported by the record. Plaintiff's contention that he was intoxicated or otherwise under the influence is not inconsistent with the Complaint's allegations. (*Compare* Dkt. No. 1-1 at ¶ 5 ("unauthorized charges were made to the Chase credit card") *with* Dkt No. 32 at 8 ("PLAINTIFF was very intoxicated the entire time (a little over a hour) he was a patron at the Garden of Eden and he suspects that he may have been drugged").) Further, "conclusory statements, unsupported by any particular and specific demonstration of fact, that a party might tailor its testimony to conform with previously recorded statements does not rise to the level of good cause." *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 436, 438 (N.D. Cal. 2008) (internal citation and quotation marks omitted). As in *Fausto*, Defendant has not provided "evidence or reason to believe that [Plaintiff], with access to [his] recorded telephone conversations, would fabricate evidence to conform [his] testimony to [his] recorded statements." *Id*.

"Open discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred. Adherence to these principles assists the trier of fact and serves efficiency in the adjudication of disputes." *Id.* (internal quotation marks and citation omitted). Accordingly, Defendant shall produce the recordings and other documents memorializing conversations with Plaintiff regarding the disputed charges within one week of this Order.

**IT IS SO ORDERED.**

Dated: February 22, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge